## UBALD EBACHER v. FIRST STATE BANK OF CUYUNA.[1]

February 17, 1933.

No. 29,325.

*D. B. McAlpine,* for appellant.

*Ryan, Ryan & Ryan,* for respondent.

[1]Reported in 246 N. W. 903.

HOLT, JUSTICE.

Defendant appeals from the order denying its motion in the alternative for judgment notwithstanding the verdict or a new trial.

The action is to recover damages for false and fraudulent representations made by defendant, whereby plaintiff was induced to purchase and pay $1,024.78 for a bond which was alleged to be worthless. Defendant was a duly organized bank in the small mining town of Cuyuna, in the sole charge of its cashier, Charles H. Heen. No other officer or agent participated in the conduct of the business of the bank, except that once a month the board of directors met therein. Plaintiff was a depositor and patron of the bank and considered Heen a reliable friend. He testified that on a visit to the bank on December 14, 1928, Heen told him that the bank had a good bond for sale, secured by a first mortgage on a Chicago theater and guaranteed by the Lloyds Insurance Company of London, that the president of the bank would not permit the sale of a poor bond, and that it was the best investment that could be made. Plaintiff also testified that he relied on the representations and bought the bond, paying $1,024.78 therefor. The bond is for $1,000, bears interest at seven per cent, payable semi-annually, and purports to be secured by a mortgage on Grove Theatre and Office Building, at Nos. 7606 to 7622 Cottage Grove avenue, Chicago, Illinois, and has also the guarantee of payment by United Lloyd's of America. It bears date January 15, 1925. The evidence shows that plaintiff was unable to collect any interest or principal after he bought the bond.

Defendant's main contention is that it should have judgment notwithstanding the verdict. It is claimed that the evidence does not support the verdict finding that there were false and fraudulent representations made in respect to the bond, in reliance upon which plaintiff was induced to buy it. No one was present in the bank when the talk was had between Heen and plaintiff which led to the purchase of the bond. From plaintiff's version of that talk the jury could well find actionable fraud and misrepresentation as to the bond's being a good and safe investment. The jury could

likewise find from the whole evidence that it was a sale by the bank and not by Heen; that not only the bond in question but two other like bonds were then in the bank for sale; that the bank got the commission for this sale, not Heen. The evidence of misrepresentation and of the bank's responsibility therefor is more satisfactory than in the case of Picha v. Central Met. Bank, 161 Minn. 211, 201 N. W. 315, 203 N. W. 617, where rescission was sustained. This is an action for damages for fraud; but the proof required to establish the fraud and the bank's responsibility therefor is no greater than it would be in an action for rescission. So we must conclude that defendant is not entitled to judgment notwithstanding the verdict.

However, the verdict is challenged as excessive and as not sustained by the evidence. The jury placed no value on the bond. The burden was upon plaintiff to prove the damages. The measure of damages was the difference in value of what plaintiff received and what he parted with. Here plaintiff had to prove only the value of what he received—the bond. It cannot be assumed that a bond, secured by a mortgage on real estate and payment of which is guaranteed by an insurance company, is of no value simply because of default in the payment of interest. And plaintiff, realizing that he must prove that the bond was worth less than the amount he paid for it, took the deposition of a bond salesman in Chicago who had sold bonds issued by the same corporation which issued the one sold to plaintiff, such bonds likely being of the same series secured and guaranteed in the same manner. Defendant objected to the testimony on the ground that the witness did not sufficiently identify the bond in suit with the bonds of whose value the witness gave his opinion. We consider the identification sufficient. However, the witness testified that the value of such a bond as plaintiff bought of defendant on December 14, 1928, was 20 to 25 cents on the dollar. There is no evidence that the bond was worth less at that time. We think the jury could not disregard this evidence and say, as it did say by the verdict, that the bond then had no value. The damages must be fixed as of the date of the transaction. This

is not an action for rescission. All sorts of securities whose value was unquestionably above par in December, 1928, have since fallen much below par.

Exception was taken by defendant to the reception in evidence of a decree of the circuit court of Cook county, Illinois, appointing a receiver, upon the cross-complaint of a trust company, in an action to foreclose the mortgage securing the bond issue of the corporation which issued this bond, and which bond is presumably included in that issue. The receiver was appointed to take charge of the property mortgaged and to collect the rent. There is a recital in the decree that the mortgagor is insolvent; but the recital appears to be based upon the allegation in the cross-complaint. No doubt plaintiff intended the decree should prove that the bond was without value. In our opinion the decree containing this recital of insolvency, entered more than a year before plaintiff got this bond, was not admissible in evidence to prove the value or lack of value thereof. Such a recital was not competent proof in this action of the insolvency of the corporation that issued the bond. There was no evidence as to what had been done in the receivership matter or that it was even pending when plaintiff bought his bond.

It is true that the jury was not absolutely bound by the value of the bond as given by plaintiff's expert; but there was no basis for departing from the only testimony there was as to value. A bond issued by a corporation doing business in another state and secured by mortgage upon property in that state cannot be valued except by a person familiar with the situation where the business is conducted and security is located. The jury knew nothing of these conditions. It would therefore seem that there was nothing tangible upon which the jury could predicate a less value on this bond than 20 cents on the dollar on December 14, 1928. We therefore conclude that unless the verdict be reduced there should be a new trial granted upon the issue of damages only. 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7079.

It is ordered that, unless within ten days after the remittitur herein is filed in the court below plaintiff file his consent in said

court to a reduction of the verdict to the sum of $824.78, with interest at six per cent from December 14, 1928, a new trial be granted upon the sole issue of damages.